UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-CV-01748<br>MDL 2545 |
| This document relates to: <u>15-cv-11755</u> | JUDGE MATTHEW F. KENNELLY. |

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO AMENDED CASE MANAGEMENT ORDER NO. 9**

Plaintiff Jeffrey Walton respectfully submits this Opposition to Defendants AbbVie Inc. and Abbot Laboratories' Motion to Dismiss Pursuant to Amended Case Management Order No. 9.

**PRELIMINARY STATEMENT**

Plaintiff opposes the motion of Defendants AbbVie Inc., and Abbott Laboratories (hereinafter referred to collectively as "AbbVie"), which seeks the dismissal of his case with prejudice because of his inability to complete and serve an executed Plaintiff Fact Sheet pursuant to Second Amended Case Management Order No. 9 (hereinafter referred to as "Second Amended CMO 9").

As noted below, we cannot currently locate Mr. Walton, and he is not purposefully non-compliant. Further, as set forth in more detail below, there is no prejudice to adjourn this motion and/or allow counsel more time to locate Mr. Walton and determine whether he is hospitalized, otherwise incapacitated, or simply disinterested.

Upon information and belief, Plaintiff, Mr. Walton, desired to pursue an action against AbbVie for his injuries suffered as a result of his use AndroGel, as evidenced by his retaining your undersigned's firm as counsel to represent him in such a matter. As such,

1

dismissal of his case with prejudice is an extreme sanction given the circumstances.

More specifically, we respectfully request that the Court either: (1) hold AbbVie's motion in abeyance for ninety (90) days in order for our office to continue our efforts to locate Mr. Walton and obtain the executed PFS from him; or (2) should the Court decide to grant the dismissal, it do so without prejudice, and grant a ninety (90) day extension for Plaintiff to provide an executed PFS, and have his claim against AbbVie reinstated upon doing so, or allow Mr. Walton to petition the Court for further time, pending the results of our continued investigation.

## BACKGROUND

On June 24, 2016, AbbVie filed a Motion to Dismiss against the above-captioned Plaintiff. AbbVie's motion seeks dismissal of Plaintiff's case with prejudice for failure to serve an executed PFS pursuant to Second Amended CMO 9.

We met and conferred in good faith with AbbVie's counsel multiple times regarding this issue, asking them to grant us an extension of time in order to obtain an executed PFS. Throughout this process, we informed AbbVie's counsel of the status of our efforts to obtain an executed PFS from Mr. Walton. However, AbbVie's counsel informed us that it is "a defense-wide policy" not to grant extensions once a PFS warning letter has been sent.

## ARGUMENT

### I. The Inability to Locate Plaintiff is the Sole Reason for his Failure to Timely Serve an Executed PFS

The sole reason an executed PFS has not been provided is because we are presently unable to locate Plaintiff, and thus he has been non-responsive to our requests for him to provide our office with an executed PFS. As set forth below, our office has exhausted many efforts to locate him.

More specifically, our office has made considerable efforts to contact Plaintiff including, but not limited to, the following:

- A letter dated February 15, 2016 enclosing the Plaintiff Fact Sheet was sent to the Plaintiff, it was not returned as undeliverable.

- A letter addressed and sent to his last known address dated February 26, 2016.

- A letter dated March 31, 2016 enclosing the Plaintiff Fact Sheet was sent to the Plaintiff by Federal Express, it was not returned as undeliverable.

- After several attempts to reach the Plaintiff, by phone, at the last known phone number, we were informed by the current resident that the Plaintiff could not be reached at the known phone number nor could the mail be delivered to him at the last known address.

- Upon learning of his relocation, your undersigned's office conducted a location search using the Lexis Advance search engine, and developed contact information for several potential relatives. However, attempts to reach these individuals were unsuccessful.

- A private investigator was retained to search for the Plaintiff. His report indicates that, according to his son, the Plaintiff is in poor health and "incoherent with dementia." Contact information for the Plaintiff was unable to be developed by the private investigator, however contact information for the Plaintiff's son was provided.

- Contact was established, and has been maintained, with the Plaintiff's son, who corroborated the information provided to the private investigator. Primarily, that the Plaintiff is in poor health with dementia. He has indicated to the undersigned's office that he has cared for the Plaintiff in the past but that this arrangement was no longer in place, and he no longer knows of the whereabouts of his father.

- We have worked with the Plaintiff's son consistently to discover the whereabouts of the Plaintiff. The son, at the request of the undersigned's office, indicated that he would visit friends and acquaintances of the Plaintiff to determine the Plaintiff's location. However, the Plaintiff is yet to be located.

- As recently as July 14, 2016, it has been confirmed that no current whereabouts for the Plaintiff are known. A private investigator has again been retained to locate the Plaintiff.

However, because we have been totally unable to reach Plaintiff, we believe it is possible something may have happened to him; perhaps a hospitalization, injury, or something else that has disrupted and altered his ability to respond to our attempts at communication. As noted above, we have been informed by Mr. Walton's son, that Mr. Walton had been living with him prior to his disappearance, and further that Mr. Walton's mental state appeared to be deteriorating leading up to his disappearance. To this precise end, and as noted below, there is no prejudice to AbbVie in allowing the motion to be held in abeyance and not dismissing Mr. Walton's claim with prejudice for at least ninety (90) days. The special circumstances of his disappearance, respectfully, warrant this due process protection.

While we believe our efforts have been more than diligent to reach Plaintiff, we are hopeful that he will contact our office, or his son at some point soon so that his obligations to provide an executed PFS can be met.

It is well-established in the Seventh Circuit that before a court imposes the ultimate sanction of dismissing a case with prejudice for failure to comply with a court-ordered discovery deadline, it must find by clear and convincing evidence that the party against whom the dismissal is imposed displayed willfulness or bad faith in their failure to comply with the court's deadline. *Wellness International Network, Ltd. v. Sharif*, 727 F.3d 751 (7th Cir. Aug. 21, 2013); *see also Aura Lamp & Lighting, Inc. v. International Trading Corp.*, 325 F.3d 903, 909 (7th Cir. 2003). Furthermore, a court should only dismiss a case for failure to comply with a discovery deadline where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable. *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 425 (7th Cir. 1998); *see also Ball v. City of Chicago*, 2 F.3d 752, 758 (7th Cir. 1993). When determining whether a dismissal with prejudice is warranted, courts consider "the frequency and magnitude of the [party's] failure to comply

with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants and the possible merits of the plaintiff's suit." *Williams v. Chicago Board of Education*, 155 F.3d 853, 857 (7th Cir. 1998).

First, in this case, Plaintiff cannot be said to have acted in bad faith, as his failure to provide an executed PFS is due solely to his disappearance, which by its very nature, and based upon the investigation outlined above, cannot be described as a willful act of bad faith. Second, the frequency of Plaintiff's failure to comply with his discovery obligation is *de minimis*, as Plaintiff's failure to comply with discovery obligations is limited to this single instance of failing to provide an executed PFS. Third, the degree of prejudice to AbbVie and the effect of the failure on the court's time and schedules is also negligible as this delay in failing to serve an executed PFS will not seriously hinder AbbVie's ability to defend this case particularly in light of the overall picture that this MDL involves, at present, hundreds if not thousands of cases. This is especially the case given the fact that Mr. Walton is not part of the initial bellwether cases against AbbVie that have already been selected.

Concerning the availability of less drastic sanctions, clearly, here, less drastic measures should be taken. Defendants have requested that the most drastic sanction of dismissal with prejudice be levied against Plaintiff. As proposed above, Plaintiff submits that AbbVie's motion be held in abeyance for ninety (90) days, or withdrawn while we attempt to locate Plaintiff and provide an executed PFS. Such a less drastic remedy would certainly be efficacious as it would, in the event we are able to locate him, serve to warn Plaintiff of the potential dismissal of his case should he not comply with the discovery order, and of the importance of complying with any and all future orders.

Therefore, we respectfully request that AbbVie's motion be withdrawn or held in abeyance for ninety (90) days so that we can continue our efforts to locate Mr. Walton, and

5

have him serve an executed PFS. Further, such an extension would not be prejudicial to AbbVie as we hope to serve the executed PFS as soon as we are able to receive same from Plaintiff.

Therefore, your undersigned respectfully opposes AbbVie's Motion to Dismiss and respectfully requests that AbbVie's motion be held in abeyance for ninety (90) days or withdrawn.

## CONCLUSION

For the foregoing reasons, Plaintiff Jeffrey Walton respectfully requests that this Court deny AbbVie's motion to dismiss Plaintiff's case with prejudice, or, in the alternative, hold AbbVie's motion in abeyance for ninety (90) days in order to provide sufficient time to locate Plaintiff and comply with discovery, or, should the Court decide dismissal must be granted, that it be without prejudice, and that the Court grant a ninety (90) day extension for Plaintiff to comply with the discovery order, and have his claim against AbbVie reinstated upon doing so, or allow him to petition the Court for further time, depending on the circumstances.

Dated: July 15, 2016

By: /s/ Michael A. London
Michael A. London
DOUGLAS & LONDON, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
Email: mlondon@douglasandlondon.com
*Attorneys for Plaintiff Jeffrey Walton*

6

**CERTIFICATE OF SERVICE**

I, John B. Signoriello, hereby certify that on July 15, 2016, the foregoing was filed via the Court's CM/ECF system, which will automatically serve and send notification of such filing to all registered attorneys of record.

                                                                  */s/ John B. Signoriello*